UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSE ALANIS, | |
| Plaintiff, | No. 23 C 14244 |
| v. | Judge Thomas M. Durkin |
| HOME DEPOT U.S.A., INC.; RONELL JACKSON; and CARLOS FLORES, | |
| Defendants. | |

MEMORANDUM OPINION AND ORDER

Plaintiff Rose Alanis alleges that she was injured when she tripped over a Christmas tree at Home Depot. She originally sued Home Depot in this District for negligence (22 C 969), but voluntarily dismissed the case during discovery due to her "significant treatment and complications regarding recovery." R. 13 at 3. Three months later, she added two employees—Ronell Jackson and Carlos Flores—as defendants and refiled the case in Illinois state court. Like Alanis, the individual employees are Illinois residents, whereas Home Depot is not.

Despite the lack of diversity among the parties, Home Depot removed to this Court arguing that the employees were fraudulently joined. "Fraudulent joiner" occurs when a plaintiff joins "a nondiverse defendant simply to destroy diversity jurisdiction is she has no legitimate claims against that defendant." *Hoidas v. Wal-Mart Stores, Inc.*, 2010 WL 1790864, at *1 (N.D. Ill. Apr. 30, 2010) (citing *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009)). In removing the case, Home Depot argued that Alanis failed to allege that Jackson or Flores had any

independent duty to Alanis sufficient to support claims against them. *See Schur*, 577 F.3d at 766 ("But an agent is liable in tort to a third party harmed by the agent's conduct when the agent breaches an independent duty that she owes to the third party."). In support of this argument, Home Depot cited *Hoidas v. Wal-Mart Stores* in which the court found that the plaintiff fraudulently joined the store manager in her lawsuit against Wal-Mart because the plaintiff was injured in the parking lot and the plaintiff had not alleged an "independent duty" that the individual store manager owed to the plaintiff. *See* 2010 WL 1790864 (N.D. Ill. Apr. 30, 2010). In *Hoidas*, the court explained that the "parking lot in which [the plaintiff] was injured belonged to Wal-Mart, not to [the manager]," and the manager's general duty "to inspect and maintain the parking" was owed to Wal-Mart, not to the plaintiff. *See id.* at *2; *see also Schur*, 577 F.3d at 765 ("[A]n agent who breaches a duty owed solely to her principal is not independently liable to an injured third party[.]"). Because the plaintiff in *Hoidas* failed to allege a specific action the manager took that directly caused her injury, the court found that the manager was fraudulently joined and denied the motion to remand. Home Depot argues that this Court should so the same here.

      Whether a duty exists is a question of law. *See Schur*, 577 F.3d at 766. "It is well settled that every person owes a duty of ordinary care to all others to guard against injuries which naturally flow as a reasonably probable and foreseeable consequence of an act, and such a duty does not depend upon contract, privity of interest or the proximity of relationship, but extends to remote and unknown

persons." *Id.* To determine whether an individual owed a duty to another, a court considers whether the risk of harm was reasonably foreseeable. *Id.*

Home Depot argues that Alanis has made "only generic allegations of a duty . . . owed only by Home Depot." R. 1 at 3 (¶ 7). But this is simply not the case. Plaintiff alleges that Jackson and Flores "improperly placed a tree with its trunk protruding into the aisle." R. 1-1 ¶¶ 13, 38. This is an action alleged to have been taken by Jackson and Flores themselves for which they can be directly liable. Home Depot does not directly address this allegation in its response to Alanis's motion for remand.

Home Depot's real argument is that discovery in Alanis's original federal case—specifically the depositions of Jackson and Flores—demonstrates that they were not directly responsible for the placement of the tree. *See* R. 12 at 4-5. Specifically, according to Home Depot, "Jackson did not work the day of the accident and Flores did not work in the Christmas Tree Lot on the day of the accident." *Id.* at 5.

Home Depot argues that the Court can rely on this testimony to assess fraudulent joinder. *See* R. 12 at 2 (citing *CC Indus. v. ING/Reliastar Life*, 266 F. Supp. 2d 813, 815-16 (N.D. Ill. 2003) (the court may "pierce the pleadings and consider summary judgment-type evidence such as affidavits and deposition testimony")). In *Faucett v. Ingersoll-Rand Mining*, the Seventh Circuit affirmed the district court's finding of fraudulent joinder based on an affidavit from the individual defendant stating that he "had absolutely nothing to do with" the mining tool that caused the injury at issue. That categorial statement of fact is a far cry from the

3

deposition testimony cited here. Even if the Court were to credit Jackson's and Flores's testimonies that they were not present at the tree lot when the accident occurred, that does not make it impossible for them to have improperly placed the tree at some other time. Unlike *Faucett*, where the court found the employee had nothing to do with the tool at issue, Home Depot does not deny that Jackson and Flores had some responsibility for the tree lot. In other words, Alanis's allegation that Jackson and Flores improperly placed the tree remains plausible such that their joinder is not fraudulent.

Therefore, the motion to remand [6] is granted.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: February 1, 2024